CARL LYNDON BIXBY, Appellant, *v.* COLEMAN DAWSON (Also Known as "NICK" DAWSON), JERGENS WOODBURY SALES CORPORATION and NATIONAL BROADCASTING CO., INC., Respondents.

First Department, December 23, 1937.

*M. E. Harby* of counsel [*Robert C. Richter,* attorney], for the appellant.

*Hamilton Hicks* and *Walter R. Barry* of counsel [*Coudert Brothers,* attorneys for Jergens Woodbury Sales Corporation and National Broadcasting Co., Inc.; *Hamilton Hicks,* attorney for Coleman Dawson], for the respondents.

PER CURIAM. The action was instituted in equity for an injunction and for an accounting. In the complaint no sum was claimed and in the record there is no proof or finding as to the value of the subject-matter involved, nor was any sum recovered by defendants. Accordingly, there was no foundation for the extra allowance of costs granted to defendants and the court was without authority to order the extra allowance. (*Kitching* v. *Brown*, 180 N. Y. 414; *Dr. Jaeger's Sanitary Co.* v. *Le Boutillier*, 63 Hun, 297.) Under the terms of the statute (Civ. Prac. Act, § 1513) such an allowance must be based "upon the sum recovered or claimed, or the value of the subject matter involved."

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, DORE and COHN, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion denied.